IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES McELROY                                                                                    PLAINTIFF

v.                               Civil No. 4:22-cv-04085-SOH-BAB

ROBERT GENTRY, *et. al.*                                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

The precursor to this case was filed by Ronnie Luna, an inmate of the Sevier County Sheriff's Office ("SCSO"), on behalf of himself and 20 other SCSO inmates in *Luna v. Gentry*, Case No. 4:22-cv-04098.  Pursuant to the Prison Litigation Reform Act, separate cases for the 20 inmates were opened, including this case. (ECF No. 2).  The provisional filing Order directed Plaintiff to file a completed *in forma pauperis* application and an Amended Complaint.  (*Id.*) Plaintiff filed his IFP application and his First Amended Complaint on October 4, 2022.  (ECF Nos. 4, 5).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Because Plaintiff's IFP application did not include the required inmate funds certification, the Court entered an Order directing Plaintiff to file a second IFP application. (ECF No. 8). Plaintiff filed a Response on December 12, 2022, stating that SCSO staff had refused to complete and sign the certificate. (ECF No. 9). On January 6, 2023, the Court entered an Order directing the SCSO Jail Administrator to complete and return the certificate by January 20, 2023. (ECF No. 10). When review of the certified letter tracking indicated there was no record of delivery, a second Order was sent on February 2, 2023. (ECF No. 11). The completed certificate was filed on February 9, 2023. (ECF No. 12). Plaintiff was granted IFP status on February 10, 2023. (ECF No. 13).

In his Amended Complaint, Plaintiff identifies himself as a pretrial detainee. (ECF No. 4 at 3). In the section of the form where he is to indicate the Defendants involved in his first claim, Plaintiff lists Defendants Robert Gentry, Fowler, Wolcott, Arenas, Reel, Higgens, Taylor Gentry, May, Shyanne, Bob, Synamon, Euleperio and Lucy as being involved in this claim, but does not identify any actions or inactions taken by them. Instead, Plaintiff alleges that on August 6, 2022, he contracted COVID "as a result of staff neglect to properly handle the situation." (*Id*. at 4). He further alleges he was very sick for "several days," inmates notified staff, and "nothing was done." (*Id*.). Plaintiff alleges that they were denied cleaning supplies despite "months" of complaints about the lack of supplies and had to use mop water to clean the tables on which they ate their meals. (*Id*.). Plaintiff proceeds against Defendants in their official and individual capacities. (*Id*.). For his official capacity claim, Plaintiff alleges the facility failed to provide him with a clean and healthy environment, failed to comply with his need for medical attention until the situation was out of control, and ignored multiple requests for cleaning supplies. (*Id*. at 7).

For his second claim, Plaintiff again lists August 6, 2022, as the date of occurrence. (*Id*.). Plaintiff again lists all named Defendants in the case but fails to identify any specific action or

2

inaction on their part. Plaintiff states "they" knew there was a threat of COVID, failed to keep it contained, and neglected the inmates' pleas for medical attention, resulting in an outbreak. He further alleges "they" refused to provide a clean and healthy environment, and neglected the request for cleaning supplies. (*Id.*). Plaintiff proceeds against Defendants in their official and individual capacities. (*Id.*). For his official capacity claim, Plaintiff alleges they put a trustee in solitary when he complained of COVID symptoms, but let others come to class with us. Plaintiff alleges he was the first in his pod with symptoms, but they ignored the request for medical attention, which caused a severe outbreak. (*Id.* at 8). Plaintiff repeats his allegations that the inmates were denied cleaning supplies for months. (*Id.*). Plaintiff alleges he filed two grievances concerning pod overpopulation, the lack of cleaning supplies, and the COVID outbreak. He also alleges he filed a grievance in June about a topic unrelated to his claims. (*Id.* at 9).

Plaintiff seeks compensatory and punitive damages and asks that Defendants be sent to prison for their crimes. (*Id.* at 10).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Individual Capacity Claims

Plaintiff failed to state how each named Defendant was personally involved in any violation of his constitutional rights. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between any named Defendant and his claims. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim). As such, Plaintiff's individual capacity claims against all Defendants are subject to dismissal.

#### B. Official Capacity Claims

A governmental entity can be held liable only when the constitutional violation was caused by a policy, custom, or failure to train or supervise. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658,

4

691 (1978). Plaintiff alleges that on a single day in August, SCSO staff failed to take preventative measures when they knew COVID was in the building. He alleges he was denied medical care for several days after he became ill. Finally, he alleges that he was denied cleaning supplies over a period of months and was made to clean his eating surfaces with mop water.

Plaintiff identifies no policies responsible for any of his official capacity claims. Further, his allegations concerning the lack of COVID response and the denial of medical care over a period of a day (or several days), is insufficient to establish the existence of an unconstitutional custom. *See Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) (to establish the existence of an unconstitutional custom, incidents must occur "over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials.").

Plaintiff's allegation that he was denied cleaning supplies for several months and was forced to clean his eating surface with "mop water," however, states a plausible claim at this stage in the case. "Due process requires that a pretrial detainee not be punished." *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). Thus, Plaintiff's claim concerning the lack of cleaning supplies for several months states a plausible claim sufficient to survive screening, particularly as he alleges that this contributed to his illness. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (Pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." (internal quotation marks and citations omitted)).

Plaintiff does not, however, need to sue multiple SCSO Defendants for this official capacity conditions of confinement claim. Plaintiff's official capacity claim against any SCSO Defendant is the equivalent of a claim against their employer. A suit against a government officer in his or her official capacity is functionally equivalent to a suit against the employing governmental entity.

5

*See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Plaintiff has named Sheriff Robert Gentry as a Defendant and may bring his official capacity claim against him. This claim should be dismissed as redundant against all other Defendants. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity, thus it is proper to dismiss redundant defendants.)

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's official capacity conditions of confinement claim against Defendant Robert Gentry remain for service and further review. It is further recommended that Plaintiff's claims against all other Defendants be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of March 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE