IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES McELROY                                                                                                  PLAINTIFF

v.                                        Civil No. 4:22-cv-04085-SOH-BAB

SHERIFF ROBERT GENTRY                                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to participate in discovery and failure to prosecute this case. Also before the Court is Defendant's Motion to Dismiss. (ECF No. 39).

### I. BACKGROUND

Plaintiff filed his Complaint on September 13, 2022. (ECF No. 1). He was directed to file an Amended Complaint and did so on October 4, 2022. (ECF Nos. 2, 4). The Initial Scheduling Order for the case was entered on October 30, 2023. (ECF No. 26). This Order advised Plaintiff that Defendant had been granted leave to take his deposition, and "[t]he failure of the Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (*Id*. at 2).

On February 29, 2024, Defendant filed a Motion to extend the discovery and dispositive motion deadlines in the case. (ECF No. 29). As grounds, Defendant's counsel stated he was in the process of scheduling Plaintiff's deposition with the Arkansas Division of Correction ("ADC") when the ADC informed him that Plaintiff had been paroled. (*Id*.). The Motion was granted, and

1

the discovery deadline was set for April 12, 2024, with the dispositive motion deadline set for May 13, 2024. (ECF No. 31).

On April 3, 2024, Defendant filed a Motion for Leave to Withdraw his Notice of No Intent to File a Motion for Summary Judgment based on Exhaustion, and to submit a Motion for Summary Judge including arguments on both administrative exhaustion and the merits. (ECF No. 35). This Motion was granted on April 5, 2024. (ECF No. 35). On April 9, 2024, Plaintiff submitted a document which filed as a Motion for Extension of Time to Complete Discovery and Dispositive Motion Deadlines. (ECF No. 36). As grounds for the Motion, Plaintiff stated he was approached about a deposition with "short notice" and had no time to prepare. He also stated he was not aware that he would not be appointed counsel and requested time to find legal assistance. (ECF No. 36). Defendant filed his Response the same day. (ECF No. 37). Plaintiff's Motion was denied on April 11, 2024. (ECF No. 38). The Court notes that Plaintiff failed to file any motion requesting appointment of counsel during the pendency of this case and nothing in the District's Prisoner Litigation Guide or any Court Order indicates that appointed counsel will be provided.

Defendant filed his Motion to Dismiss on April 17, 2024. (ECF No. 39). As grounds for the Motion, Defendant states Plaintiff was contacted about and given ample notice for a deposition to be held by Zoom videoconference on April 3, 2024. (*Id*. at 1). Plaintiff appeared on the Zoom videoconference and was advised that Defendant's counsel was about to take his deposition. (*Id*.). Plaintiff then disconnected from the Zoom videoconference and never reconnected. (*Id*.). The deposition transcript indicated that Defendant's counsel waited five minutes for Plaintiff to reconnect, then recorded his refusal into the transcript record. Plaintiff did not attempt to reconnect during that time. (ECF No. 39-1). Defendant argues the disconnection was intentional and "an attempt to avoid being deposed, again, in this lawsuit." (*Id*.). He further notes that Plaintiff never requested appointed counsel and never stated Defendant's counsel that he would refuse to be

deposed, despite "ample notice" concerning the deposition. (*Id*.). Defendant argues this refusal to be deposed has prejudiced him and asks that Plaintiff's case be dismissed for "Plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and, most notably, Plaintiff's failure to comply with the Court's Scheduling Order." (*Id*.). In the alternative, Defendant asks that Plaintiff be ordered to reimburse him for reasonable costs incurred, including attorney's fees, the matter be stayed until those costs are paid, and Plaintiff be ordered, once again, to appear for - and participate in – his deposition. (*Id*. at 2).

On April 18, 2024, the Cour entered an Order directing Plaintiff to submit a Response to the Motion and to Show Cause for his failure to comply with discovery. (ECF No. 41). Plaintiff was given until May 9, 2024, to provide his Response. (*Id*.). The Order advised Plaintiff that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (*Id*.). This Order was not returned as undeliverable. To date, Plaintiff has failed to submit his Response, and has not otherwise communicated with the Court since April 9, 2024.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with Court Orders.  Plaintiff has willfully failed to comply with the discovery process, including intentionally disconnecting from a scheduled video deposition to avoid being deposed.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Amended Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of May 2024**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE